UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3512 GAF (RZx) | Date | June 21, 2011 |
|---|---|---|---|
| Title | Dr. Buzz Aldrin and Starbuzz LLC v. Capital One Financial Corporation | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** **(In Chambers)**

**ORDER TO SHOW CAUSE**

On March 15, 2011, Plaintiffs Dr. Buzz Aldrin and Starbuzz LLC ("Plaintiffs") filed suit in the Los Angeles County Superior Court against Defendant Capital One Financial Corporation ("Defendant"). (Docket No. 1, Not. of Removal ¶ 1.) Plaintiffs' suit arises out of a license agreement between Plaintiffs and Defendant. (Compl. ¶ 1.) Plaintiffs allege that in 2009, Defendant went beyond the licensing agreement by creating and marketing a new product which used Plaintiff Aldrin's image in a manner that was not covered by the agreement in place. (Compl. ¶ 16.) Plaintiffs' complaint alleges the following causes of action: (1) breach of contract; (2) violation of the common law right of publicity; (3) violation of the statutory right of publicity in California Civil Code section 3344; (4) commission of unfair business practices in violation of California Business & Professions Code sections 17200 et seq.; and (5) unjust enrichment. (Compl 8–12.)

On April 25, 2011, Defendant removed this matter to this Court. The Court finds that Defendant did not adequately establish that diversity jurisdiction exists in this case. In particular, Defendant has not properly alleged the amount in controversy or the citizenship of all parties in accordance with 28 U.S.C. § 1332. Accordingly, Defendant is hereby **ORDERED TO SHOW CAUSE** why this case should not be remanded for lack of subject matter jurisdiction.

Removal jurisdiction may be based on diversity of citizenship or the existence of a federal question. See 28 U.S.C. § 1441. The suit at issue was removed on the basis of purported diversity of citizenship. (Not. ¶ 3.) Federal courts have jurisdiction on the basis of diversity

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3512 GAF (RZx) | Date | June 21, 2011 |
|---|---|---|---|
| Title | Dr. Buzz Aldrin and Starbuzz LLC v. Capital One Financial Corporation | | |

where the amount in controversy exceeds $75,000 and where the matter is between citizens of different states. 28 U.S.C. § 1332(a).

### A. AMOUNT IN CONTROVERSY

Where removal is based on diversity jurisdiction under 28 U.S.C. § 1332(a) and it is unclear from the face of the plaintiff's complaint whether the $75,000 amount in controversy requirement has been met, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus v. Miles, Inc., 980 F.2d 564, 566–67 (9th Cir. 1992). Where the plaintiff has not challenged removal, a district court "may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). In other words, the court may require the removing defendant to produce "evidence establishing that it is more likely than not that the amount in controversy exceeds [the jurisdictional amount]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (internal quotations omitted).

In the present case, Defendant states that Plaintiffs' seek general damages, punitive damages, and costs and attorneys' fees. Defendant states that "[b]ecause Plaintiffs are seeking general and punitive damages and because Plaintiffs are seeking attorneys' fees, it is apparent that the damages claimed by the Plaintiffs, if proven, will 'more likely than not' exceed $75,000." (Not. Removal ¶ 13.) Gaus makes clear, however, that such bare allegations in a notice of removal are insufficient to satisfy the amount in controversy requirement. Gaus, 980 F.2d at 567; see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090–91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient."). Because Defendant has not provided evidence that "it is more likely than not" that the amount in controversy is satisfied, jurisdiction under § 1332(a) has not been established. See Sanchez, 102 F.3d at 404. To establish the amount in controversy, Defendant must provide evidence or offer more thorough reasoning why Plaintiffs claims put $75,000 or more in controversy.

### B. CITIZENSHIP

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F.Supp. 2d 1123, 1126 (E.D. Cal. 2004). Defendant appropriately states that Plaintiff Aldrin is a citizen of California and that Defendant is a citizen of Delaware and Virginia. (Not. ¶ 7.) However, Defendant does not appropriately state the citizenship of Plaintiff Starbuzz LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3512 GAF (RZx) | Date | June 21, 2011 |
|---|---|---|---|
| Title | Dr. Buzz Aldrin and Starbuzz LLC v. Capital One Financial Corporation | | |

"[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Defendant states that "[u]pon information and belief, the members of Plaintiff Starbuzz LLC are all citizens and residents of states other than Delaware and Virginia." (Not. Removal ¶ 6.) The failure to affirmatively identify and allege the citizenship of all members of Plaintiff Starbuzz LLC leaves the Court unconvinced that Starbuzz LLC is not a citizen of Delaware or Virginia. The Court accordingly is unsure whether complete diversity exists.

For the foregoing reasons, the Court is not convinced that it has jurisdiction under § 1332(a) in this case. As such, Defendant is **ORDERED TO SHOW CAUSE** why this case should not be remanded for lack of subject matter jurisdiction. Defendant should file a written response, not to exceed five (5) pages, **by no later than July 5, 2011**. **A failure to file a timely response to this Order will be deemed consent to an Order remanding this case to state court.**

**IT IS SO ORDERED.**